IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO C.W.D.W., A MINOR.

No. 73901

LAHTIJERA V. HOWARD,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.

**FILED**

SEP 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014).

Appellant first argues that substantial evidence does not support the district court's parental fault findings. Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant is an unfit parent. *See* NRS 128.018 (defining an "'[u]nfit parent' [as] any parent of a child who, by reason of the parent's fault or habit or conduct toward the child or other persons, fails to provide such child with proper care, guidance and support"); *see also* NRS

18-37997

128.106(1)(f) (requiring the court to consider a parent's felony conviction if the nature of the crime indicates that the parent is unfit to adequately provide for the child's physical, mental, or emotional needs).

The district court found, and the record supports, that appellant has an extensive history of domestic violence. In particular, appellant has been convicted twice for battery constituting domestic violence, with her first conviction for punching the father of the child, Darryl White, and her second conviction for stabbing White with a knife. Following the second conviction, the Department of Family Services (DFS) removed the child from appellant's custody and assigned her a case plan to address her anger management and mental health issues. Despite receiving therapy for her mental health issues and attending classes for her anger management, in September 2016, Howard fatally struck White with a vehicle. The district court noted testimony concerning Howard's prior threat to harm White with her vehicle. Howard was charged with and pleaded guilty to second-degree murder with use of a deadly weapon, and was sentenced to imprisonment for 16 to 40 years. Although Howard testified at her termination hearing that she was the victim of an abusive relationship, several other witnesses repudiated her testimony establishing that she appeared to be the primary perpetrator of domestic violence.[1] Moreover, the district court described Howard's violent behavior as "serious, extreme, and repetitious."

---

[1]We reject Howard's argument that the district court failed to take into consideration a DFS report in August 2016 stating that Howard was making progress towards reunification because any progress Howard made towards reunification with the child was effectively invalidated by her act of striking White with a vehicle in front of the child the following month.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Accordingly, we conclude that substantial evidence supports the district court's findings that appellant's extensive violent history and the nature of her crimes indicate that she is an unfit parent.[2] *See In re Parental Rights as to K.D.L.*, 118 Nev. 737, 743, 58 P.3d 181, 185 (2002) (affirming the district court's finding of parental unfitness "based upon [the appellant's] convictions for domestic violence and the possibility that his children might become victims of his violent outbursts").

Next, appellant argues that the district court erred in finding that there is clear and convincing evidence that termination of her parental rights is in the child's best interests because the district court failed to consider the enumerated factors under NRS 128.107(2)-(3). We disagree. The district court's decision evinces a thoughtful contemplation of the enumerated factors in the statute. *See* NRS 128.107(1)-(4): *see also In re Parental Rights as to J.D.N.*, 128 Nev. 462, 474, 283 P.3d 842, 850 (2012) (providing that the district court's order need not "explicitly refer to NRS 128.107" where the order demonstrates that the court considered evidence relevant to the factors under NRS 128.107). The district court's decision as to the best interests of the child cites Howard's repeated and extreme violent acts, the physical and emotional damage to her child resulting from her violent acts, and Howard's failure to take steps to avoid being an unfit parent. Accordingly, we conclude that substantial evidence supports the

_____

[2]Because only one ground of parental fault finding is required to support the termination of parental rights, *see* NRS 128.105(1)(b), it is unnecessary for us to review the district court's other findings of parental fault.

SUPREME COURT
OF
NEVADA

(O) 1947A

district court's finding that termination of appellant's parental rights is in the child's best interests.[3] For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Christopher R. Tilman
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

---

[3]Howard also argues that (1) the district court erred in terminating her parental rights because DFS failed to properly address and treat her for more severe mental disorders, which in turn caused her to murder White; and (2) DFS's failure to do so demonstrates that it did not make reasonable efforts to reunify her and the child under NRS 432B.393(1) (providing that DFS must make reasonable efforts to reunify the family of a child). We disagree. Although Howard speculates she may have more severe disorders, her therapist was only able to conclusively diagnose her with panic disorder and unspecified mood disorder. Assuming arguendo that Howard does have more severe mental disorders, she fails to demonstrate that, but for her allegedly undiagnosed disorders, she would not have murdered White.

